UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO JESUS PONCE,<br><br>    Plaintiff,<br><br>    v.<br><br>RAMADAN, et al.,<br><br>    Defendants. | 1:23-cv-01193-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR A FAILURE TO OBEY COURT ORDERS**<br><br>**21-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On November 13, 2023, the Court issued its First Screening Order. (Doc. 9.) Plaintiff was afforded 21 days within which to file a first amended complaint curing the deficiencies identified in the order, or, alternatively, to file a notice of voluntary dismissal. (*Id*. at 6-7.)

On November 21, 2023, the United States Postal Service returned the order to the Court marked "Undeliverable, Return to Sender, Refused-SVSP." That same date, the Clerk of the Court updated Plaintiff's address to Salinas Valley State Prison in Soledad, California, and re-served the screening order by mail. (*See* Docket Entry 10.)  Although more than 21 days have passed, Plaintiff has failed to file either a first amended complaint or a notice of voluntary

dismissal.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with this Court's orders. On November 13, 2023, Plaintiff was directed to file a first amended complaint or a notice of voluntary dismissal within 21 days. (Doc. 7.) One week later, the screening order was returned by the United States Postal Service marked "Undeliverable, Return to Sender, Refused-SVSP." The Clerk of the Court updated Plaintiff's address to Salinas Valley State Prison and re-served the First Screening Order on November 21, 2023. Therefore, a first amended complaint or a notice of voluntary dismissal was to be filed no later than December 12, 2023 (11/21/23 + 21 days = 12/12/23).

More than 30 days have elapsed and Plaintiff has failed to file either a first amended complaint or a notice of voluntary dismissal. As a result, Plaintiff's action is subject to dismissal for failure to obey a court order.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's screening order. Alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal of this case.

**Failure to comply with this Order will result in a recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 21, 2023**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE