UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO JESUS PONCE,<br><br>    Plaintiff,<br><br>    v.<br><br>RAMADAN, et al.,<br><br>    Defendants. | 1:23-cv-01193-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff filed his complaint on August 10, 2023. (Doc. 1.)

On November 13, 2023, this Court issued its First Screening Order. (Doc. 9.) The Court found Plaintiff's complaint fails to state a claim upon which relief can be granted. (*Id*. at 3-6.) Plaintiff was ordered to file either a first amended complaint curing the deficiencies identified in the order, or a notice of voluntary dismissal, within 21 days of the date of service of the order. (*Id*. at 6-7.)

On November 21, 2023, the United States Postal Service returned the order to the Court marked "Undeliverable, Return to Sender, Refused-SVSP." That same date, the Clerk of the

1

Court updated Plaintiff's address to Salinas Valley State Prison[1] in Soledad, California, and re-served the screening order by mail. (*See* Docket Entry 10.)

On December 21, 2023, when Plaintiff failed to file a first amended complaint or a notice of voluntary dismissal following re-service of the screening order, the Court issued its Order To Show Cause ("OSC") In Writing Why This Action Should Not Be Dismissed For A Failure To Obey Court Orders. (Doc. 11.) Plaintiff was directed to respond in writing, or, alternatively, to file a first amended complaint or a notice of voluntary dismissal, within 21 days of the date of service of the OSC. (*Id*. at 2-3.) More than 21 days have passed, and Plaintiff has failed to respond in any way.

## II. DISCUSSION

### A. Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at

---

[1] When Plaintiff initiated this action, he was housed at Corcoran State Prison.

1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Plaintiff has failed to file a first amended complaint or notice of voluntary dismissal as directed in the screening order. Plaintiff has also failed to respond to the OSC as directed. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's November 13, 2023, screening order provided Plaintiff with 21 days within which to file a notice to proceed on his cognizable claims, a first amended complaint or a notice of voluntary dismissal. The order was re-served on Plaintiff at Salinas Valley State Prison on November 21, 2023. Plaintiff failed to comply with the Court's screening order.

On December 21, 2023, the Court issued its OSC, providing Plaintiff with an additional 21 days within which to respond in writing or to file a first amended complaint or notice of voluntary dismissal. Although more than 21 days have passed, Plaintiff has failed to comply with the Court's orders. His inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file an amended complaint or a notice of voluntary dismissal, or to respond in writing to the OSC, or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring

1  disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

2  Finally, the Court's warning to a party that failure to obey the court's order will result in
3  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
4  Here, the Court's screening order warned: "**If Plaintiff fails to comply with this order, the**
5  **Court will recommend that this action be dismissed, without prejudice, for failure to obey a**
6  **court order and for failure to prosecute**." (Doc. 9 at 7.) The OSC included the following
7  warning: "**Failure to comply with this Order will result in a recommendation that this action**
8  **be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to**
9  **prosecute**." (Doc. 11 at 3.) Finally, in the Court's First Informational Order in Prisoner/Civil
10 Detainee Civil Rights Case, issued August 11, 2023, Plaintiff was advised, in relevant part: "In
11 litigating this action, the parties must comply with this Order, the Federal Rules of Civil
12 Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern
13 District of California ("Local Rules"), as modified by this Order. Failure to so comply will be
14 grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110;
15 Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) Thus, Plaintiff had adequate warning that dismissal could
16 result from his noncompliance. Therefore, the fifth factor—the availability of less drastic
17 sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

18 In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed
19 to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is
20 inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute
21 this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen
22 to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

4

Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 26, 2024**                 /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE